JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jeff Macy,

PLAINTIFF(S)

v.

California Highway Patrol Running Springs, et al.,

DEFENDANT(S)

CASE NUMBER

5:23-cv-01803-RGK-BFM

**ORDER ON REQUEST TO PROCEED**
*IN FORMA PAUPERIS*
**(NON-PRISONER CASE)**    [2]

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

9/12/2023
_____
Date

_____
United States District Judge

On September 4, 2023, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis.  (ECF Nos. 1-2.)  Plaintiff alleges that Defendants, highway patrol officers and their agency, violated several federal and state laws by conducting a traffic stop of Plaintiff's vehicle and issuing him a traffic ticket.  (ECF No. 1 at 12-25.)  The traffic ticket has not been dismissed by a state court.  (Id. at 12.)

A federal court may dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A dismissal under the abstention principles of Younger v. Harris, 401 U.S. 37 (1971), may be treated as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).  Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1057 (9th Cir. 2016).  Younger abstention applies to ongoing "state civil proceedings that are akin to criminal prosecutions."  ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014).  Such proceedings include proceedings for traffic violations.  Perez v. City of Culver City, 2021 WL 9165642, at *2 and n.1 (C.D. Cal. Feb. 25, 2021) (collecting cases).

The requirements of Younger are met here.  The state proceeding is ongoing.  (ECF No. 1 at 12.)  The proceeding implicates the state's interest in "preserving the safety of its public highways."  Mackey v. Montrym, 443 U.S. 1, 17 (1979).  The proceeding provides Plaintiff an adequate opportunity to raise federal claims.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume that state procedures will afford an adequate remedy in the absence of unambiguous authority to the contrary).  The instant action "would effectively enjoin the pending state court proceeding on plaintiff's traffic ticket[]."  Herships v. Newsom, 2019 WL 5309193, at *3 (E.D. Cal. Oct. 21, 2019).  For these reasons, the Complaint is dismissed.

Finally, leave to amend the Complaint is not warranted.  Amendment would be futile while Plaintiff's state proceeding is ongoing.  Id. (holding that pleading deficiencies based on Younger could not be cured by amendment); Clark v. Superior Court of California, 2019 WL 1114881, at *5 (S.D. Cal. Mar. 11, 2019) (holding that amendment would be futile where a federal court was required to abstain under Younger).  Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice.

*(attach additional pages if necessary)*